UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**KRISTINE BREUKER**

        Plaintiff,

v.

**COLLEGIUM PHARMACEUTICAL, INC.**

        Defendant.

Case No. _____

Hon. _____

_____/

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, Kristine Breuker, by and through her attorneys, Sommers Schwartz, P.C., and for her Complaint against Defendant, Collegium Pharmaceutical, Inc., states as follows:

**PARTIES**

1. Plaintiff, Kristine Breuker ("BREUKER"), is an individual currently residing in the City of Fort Worth, Tarrant County, State of Texas. At all times relevant to this Complaint, Plaintiff resided in western Michigan.

2. Defendant, Collegium Pharmaceutical, Inc. ("COLLEGIUM"), is incorporated in the State of Virginia and its principal place of business is in the City of Stoughton, Norfolk County, State of Massachusetts.

3. According to COLLEGIUM's website:

> For the past two decades, Collegium Pharmaceutical has been focused on developing and commercializing new medicines for pain management. Today, our mission is to build a leading, diversified specialty pharmaceutical company that reflects our Core Values and our commitment to improving the lives of people living with serious medical conditions.

1

*See* https://www.collegiumpharma.com/about/company-overview/ (last visited November 17, 2022).

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's FMLA claims, pursuant to 28 U.S.C. § 1331, because Plaintiff's claims raise a federal question under 29 U.S.C. 2601, *et seq*.

5. The Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because they originate from the same facts that form the basis of her federal claims.

6. The Court has personal jurisdiction over Defendant because Defendant conducts business within the state of Michigan and employed Plaintiff and other individuals within the state of Michigan.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant employed Plaintiff in this District, conducts business in this District, and the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## GENERAL ALLEGATIONS

8. BREUKER is a 55 year-old woman who began her employment with COLLEGIUM on November 11, 2019 as its Regional Sales Manager of the Great Lakes region.

9. As a Regional Sales Manager, BREUKER's job duties included, but were not limited to, the following: (a) recruiting, screening, hiring, and developing top talent for the assigned district; (b) ownership and accountability to achieve or exceed individual and company goals; (c) leading a team of highly motivated sales professionals by creating, articulating, and driving a vision for the district that builds off of the objectives and vision for the organization as a whole; (d) effectively analyzing performance data, market trends, market access dynamics, and

building strategic business plans to address challenges and capitalize on business opportunities; (e) demonstrating clear and thorough understanding of the Collegium product profile, marketplace, relevant competitive products, and the disease area, and leveraging that knowledge to model, develop, and coach a team to exemplary selling skills and product and disease state knowledge; (f) actively participating in the regional sales process by owning and interacting with key customers to ensure consistency of business; (g) actively managing the growth and development of team members based on their needs, experience, motivation and business requirements; (h) effectively leading a group through change while maintaining focus on current and future business needs; (i) providing consistent and accurate expectations and feedback to representatives as part of an ongoing performance management process through timely assessment of performance using measurable outcomes; (j) displaying expertise in the local district marketplace, learning the nuances and staying ahead of changes, providing feedback, information, and best practices across sales teams, brand team, and senior leadership; and (k) compliance with all laws, regulations and policies that govern the conduct of Collegium Pharmaceuticals.

10. COLLEGIUM's Regional Sales Managers are evaluated on several performance metrics, with financial performance being the primary metric (*i.e.*, valued at 60% of the evaluation).

11. In her role as a Regional Sales Manager, BREUKER was primarily tasked with leading and developing a team of motivated sales professionals in the state of Michigan, Indiana, Illinois, Wisconsin, and Minnesota ("Great Lakes Region").

12. Before BREUKER was put in charge of the Great Lakes region at COLLEGIUM, the Great Lakes region was known as a historically low-performing team, never ranking above #11 out of 14.

13. BREUKER'S talent for the position was quickly realized and acknowledged by COLLEGIUM.

14. In February 2021, BREUKER received her 2020 Performance review, in which COLLEGIUM rated BREUKER as "Fully Meets Expectations" and provided her with a merit increase of approximately 2.75%.

15. COLLEGIUM's Great Lakes region improved to a ranking of #3 out of 14 under BREUKER'S leadership.

16. BREUKER was never given a poor performance evaluation or formally disciplined by COLLEGIUM during her tenure with the company.

17. Indeed, in each performance evaluation she received, BREUKER was ranked "Fully Meets Expectations" or "Exceeds Expectations." In fact, BREUKER's direct supervisor, Patrick Weaver, provided high praise of BREUKER's business acumen skills, as well as her ability to teach and execute. He also praised BREUKER for being receptive and stated that "he appreciated the fact that she takes full accountability and responsibility for herself and her team."

18. In June 2021, BREUKER submitted a request for FMLA leave due to primary osteoarthritis and right hip pain, which required her to undergo anterior hip replacement surgery.

19. COLLEGIUM approved BREUKER'S FMLA request with a continuous leave period of June 9, 2021 to August 29, 2021.

20. BREUKER commenced her FMLA leave on or about June 9, 2021.

21. On August 27, 2021, BREUKER submitted to COLLEGIUM (*i.e.*, Human Resources and her direct supervisor, Patrick Weaver) a signed work release letter from her physician requesting a reasonable accommodation that BREUKER refrain from long-distance travel and prolonged sitting.

22. COLLEGIUM neither acknowledged nor discussed this accommodation request with BREUKER.

23. On September 9, 2021, shortly after BREUKER'S return from her FMLA leave and only 13 days after sending Human Resources and Mr. Weaver her signed work release letter, COLLEGIUM sent BREUKER a meeting invitation entitled "Midyear Review" for September 10, 2021.

24. At the "Midyear Review" meeting, BREUKER was abruptly terminated without explanation or warning.

25. The reason given to BREUKER for her termination was a vague statement that it was "due to gaps in leadership."

26. BREUKER'S termination occurred just two weeks after her return to work and only 7 months after BREUKER was given a "Fully Meets Expectations" on her 2020 Performance Review, approximately three months of which she was on FMLA leave.

27. On December 27, 2021, BREUKER filed a Charge of employment discrimination against COLLEGIUM with the U.S. Equal Employment Opportunity Commission (Charge No. 471-2022-00097). Her Charge remains under investigation and, upon receipt of a Right to Sue letter, she will seek to amend this Complaint to add a claim under the federal Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

## COUNT I:

## VIOLATION OF FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq*. – INTERFERENCE

28. BREUKER re-alleges and incorporates all previous paragraphs herein.

29. BREUKER was an "eligible employee" under the FMLA.

30. COLLEGIUM is an "employer" under the FMLA.

5

31.     It is unlawful under the FMLA for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

32.     The FMLA provides an employee up to 12 weeks of leave for a serious health condition. 29 U.S.C. § 2612(a); 29 CFR 825.112(a)(1) – (6), .200(a).

33.     BREUKER provided COLLEGIUM with adequate notice of her need for leave pursuant to the FMLA.

34.     COLLEGIUM interfered with BREUKER'S FMLA rights by terminating her employment only two weeks after her return to work from her FMLA approved leave.

35.     COLLEGIUM knowingly and willfully engaged in intentional violations of the FMLA and further, acted with malice and/or with reckless indifference to BREUKER'S rights under the FMLA.

36.     As a direct and proximate result of COLLEGIUM'S adverse actions, BREUKER suffered damages, including but not limited to loss of past and future income and loss of employee benefits.

WHEREFORE, Plaintiff requests that this Court enter its Judgment against Defendant in whatever amount of damages is shown to be established by the proofs in this cause, together with compensatory damages, liquidated damages, interest, costs, and attorney fees in accordance with 29 U.S.C. § 2617(a)(3) as well as any equitable relief shown to be established by the proofs in this cause.

## COUNT II:

### VIOLATION OF FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *et seq*., – RETALIATION

37.     BREUKER re-alleges and incorporates all previous paragraphs herein.

38.     BREUKER was an "eligible employee" under the FMLA.

39. COLLEGIUM is an "employer" under the FMLA.

40. It is unlawful under the FMLA for an employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." by the FMLA, 29 U.S.C. § 2615(a).

41. COLLEGIUM knowingly and willfully engaged in intentional violations of the FMLA and further, acted with malice and/or with reckless indifference to BREUKER'S rights under the FMLA.

42. COLLEGIUM'S violations of FMLA included, but were not limited to, terminating BREUKER'S employment two weeks after she returned to work from an approved FMLA leave.

43. As a direct and proximate result of COLLEGIUM'S adverse actions, BREUKER has suffered damages, including but not limited to loss of past and future income and loss of employee benefits.

WHEREFORE, Plaintiff requests that this Court enter its Judgment against Defendant in whatever amount of damages is shown to be established by the proofs in this cause, together with compensatory damages, liquidated damages, interest, costs, and attorney fees in accordance with 29 U.S.C. § 2617(a)(3) as well as any equitable relief shown to be established by the proofs in this cause.

## COUNT III:

## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, MCL § 37.1201 *et seq*.

44. BREUKER re-alleges and incorporates all previous paragraphs herein.

45. The Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL § 37.1101 *et seq.*, guarantees BREUKER the right to be free from discrimination on account of any disability or perceived disability that she experiences.

7

46. BREUKER is "disabled" as defined by the PDCRA. MCL § 37.1103.

47. COLLEGIUM is an "employer" within the meaning of the PDCRA. MCL § 37.1201.

48. BREUKER engaged in protected activity under the PDCRA when she requested a reasonable accommodation which includes but is not limited to refraining from long-distance travel and prolonged sitting.

49. COLLEGIUM, as BREUKER'S employer, was adequately advised of BREUKER'S disability and her request for reasonable accommodation.

50. COLLEGIUM violated BREUKER'S civil rights by discriminating against BREUKER because of her disability and retaliating against BREUKER for engaging in protected activity under the PDCRA in the following respects:

   a. Terminating BREUKER'S employment.

   b. Refusing to accommodate BREUKER'S disabilities, which accommodation would not have imposed an undue hardship on COLLEGIUM.

   c. Retaliating against BREUKER in response to her request for a reasonable accommodation.

   d. Retaining similarly situated employees with no history of disabilities.

51. There is a causal connection between BREUKER'S disability and/or protected activity under the PDCRA and the adverse employment action taken by Collegium.

52. COLLEGIUM'S reason for its adverse employment decision was pretextual in nature.

53. COLLEGIUM knowingly and deliberately engaged in intentional acts of discrimination and violations of the PDCRA and further, acted with malice and/or with reckless indifference to BREUKER'S rights under the ELCRA.

54. As a direct and proximate result of COLLEGIUM'S adverse actions, BREUKER has suffered damages, including but not limited to loss of past and future income and employee benefits, physical injuries, mental anxiety and emotional distress, and loss of professional reputation.

WHEREFORE, Plaintiff requests that this Court enter its Judgement against Defendant, in whatever amount is shown to be established by the proofs in this cause, together with compensatory damages, interests, costs, and attorney fees in accordance with MCL § 37.1606 as well as any equitable relief shown to be established by the proofs in this cause.

## JURY DEMAND

Plaintiff, Kristine Breuker, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Respectfully submitted,

Dated: November 22, 2022

*/s/ Jesse L. Young*
Jesse L. Young (P72614)
SOMMERS SCHWARTZ, P.C.
141 East Michigan Avenue,
Suite 600
Kalamazoo, MI 49007
(269) 250-7500
jyoung@sommerspc.com

Jenna H. Sheena (P84645)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076

9

                                                (248) 355-0300
                                                jsheena@sommerspc.cpm

                                                *Attorneys for Plaintiff*